16-3100-ag
Krynska v. Sessions

BIA
Verrillo, IJ
A098 483 735/737

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand eighteen.

PRESENT: PIERRE N. LEVAL,
ROBERT D. SACK,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

_____

EWA ANNA SZWED KRYNSKA, DARIUSZ
STANISLAW KRYNSKI,

      *Petitioners*,

      v.                                   16-3100-ag

JEFFERSON B. SESSIONS III, UNITED STATES
ATTORNEY GENERAL,

      *Respondent*.

_____

FOR PETITIONERS:      Joshua Bardavid, New York, NY.

FOR RESPONDENT:      Chad A. Readler, Acting Assistant Attorney General; Jessica A. Dawgert, Senior Litigation Counsel; Anthony J. Messuri, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the petition for review is **DISMISSED**.

Petitioners Ewa Anna Szwed Krynska and Dariusz Stanislaw Krynski ("Petitioners"), natives and citizens of Poland, seek review of an August 11, 2016, decision of the BIA affirming a November 10, 2014, decision of an Immigration Judge ("IJ") denying their applications for cancellation of removal. *In re Dariusz Stanislaw Krynski, Ewa Anna Szwed Krynska,* Nos. A 098 483 735/737 (B.I.A. Aug. 11, 2016), *aff'g* Nos. A 098 483 735/737 (Immig. Ct. Hartford Nov. 10, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

To obtain cancellation of removal, Petitioners had the burden to show that their "removal would result in exceptional and extremely unusual hardship" to their minor U.S.-citizen daughter. 8 U.S.C. § 1229b(b)(1)(D); *see also id.* § 1229a(c)(4)(A). Our jurisdiction to review the agency's denial of cancellation of removal based on Petitioners' failure to satisfy this hardship requirement is limited to constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(B), (D); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 38–39 (2d Cir. 2008). When assessing jurisdiction, we "study the arguments asserted . . . . to determine, regardless of the rhetoric employed in the petition, whether it merely quarrels over the correctness of the factual findings or justification for the discretionary choices, in which case the court would lack jurisdiction, or whether it instead raises a 'constitutional

2

claim' or 'question of law,' in which case the court could exercise jurisdiction to review those particular issues." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006). For jurisdiction to attach, however, such claims must be colorable. *Barco-Sandoval*, 516 F.3d at 40.

The Petitioners argue that the agency erred as a matter of law by failing to analyze the hardship their daughter would suffer if she remained in the United States after their removal to Poland. Although the agency may commit an error of law if it "totally overlook[s]" or "seriously mischaracterize[s]" material facts, *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009), Petitioners do not present any colorable legal argument because they did not previously allege that their daughter would remain in the United States. Neither the Petitioners' cancellation applications nor Petitioners' testimony indicated that their daughter would remain in the United States if they were removed to Poland. In fact, the applications explicitly stated otherwise. Appellate Record 712, 1195. Moreover, Petitioners' attorney emphasized that their health issues could rise to the level of exceptional and extremely unusual hardship if they would affect "the[ir] daughter's ability to maintain herself . . . *in Poland*." Appellate Record 288 (emphasis added). Accordingly, Petitioners have not identified a question of law sufficient to invoke our jurisdiction because they have not demonstrated that the agency "overlooked" or "seriously mischaracterized," *Mendez,* 566 F.3d at 323, the facts that the agency used when assessing "exceptional and extremely unusual hardship," *see* 8 U.S.C. § 1229b(b)(1)(D); *see also id.*

3

§ 1229a(c)(4)(A) (placing burden on alien to show eligibility for relief and that relief is warranted as matter of discretion).

For the foregoing reasons, the petition for review is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4